**Shannon D. Sims,** OSB#072029
610 SW Alder, Suite 502
Portland, OR 97205
Telephone (503) 347-6317
sds@sdsimslaw.com
ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **NAR NGUYEN,** | Case No.: 3:14-cv-01981 |
| **Plaintiff,** | |
| v. | **COMPLAINT** <br> Fair Debt Collection Practices Act |
| **QUICK COLLECT, INC.,** an Oregon Corporation. | |
| | **DEMAND FOR JURY TRIAL** |
| **Defendant.** | |

## I.  INTRODUCTION

1.   Plaintiff files this her Complaint against the Defendant. This is an action for actual and statutory damages brought by Plaintiff, Nar Nguyen, against Defendant Quick Collect, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

/// ///

/// ///

/// ///

Page 1 of 5 - COMPLAINT

## II. JURISDICTION

2.      Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue in this District is proper in that Defendant transacts business in the State of Oregon, Plaintiff resides in the State of Oregon in the County of Washington, and the conduct complained of occurred in the State of Oregon.

## III. PARTIES

3.      Plaintiff Nar Nguyen (hereinafter "Ms. Nguyen")  is a natural person residing in Beaverton, Oregon, County of Washington, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

4.      Defendant, Quick Collect, Inc. (hereinafter "Quick Collect"), is an Oregon corporation and it is engaged in the business of collecting debts in this state with its principal place of business located at 5500 NE 107th Avenue, Vancouver, Washington. Quick Collect is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because it regularly uses the mail and/or telephone in the collection of debts from consumers, and it was acting in this capacity as to the consumer debt it attempted to collect from the Plaintiff.

5.      Quick Collect can be served with process by serving its registered agent, Virginia Riddell at 6308 SE Platt Avenue, Portland, Oregon 97236.

## IV. FACTUAL ALLEGATIONS

6.      Plaintiff owes a consumer debt to the Defendant. Defendant claims to have been assigned this debt from another entity.

7.      The alleged debt arose from medical services provided to Plaintiff's deceased husband, Loan X. Nguyen.

Page 2 of 5 - COMPLAINT

8. Defendant used the vicarious liability provisions of ORS § 108.040 to impose liability on Nar Nguyen. Defendant misused that statute by seeking amounts that it was not entitled to. Specifically, the Defendant is not entitled to attorney fees or interest under that statute.

9. In an effort to collect this alleged debt, Plaintiff has waged a campaign of harassment against the Defendant. This harassment has included making false representations in attempting to collect the debt, including but not limited to threatening, through the Plaintiff's daughter to garnish Plaintiff's wages without any right to do so, unless the Plaintiff made a payment.

10. Defendant also took action the natural consequence of which is to harass, oppress and/or abuse by continuing collection efforts against Plaintiff's deceased husband after it knew that Mr. Nguyen had died. Defendant had in fact already dismissed Mr. Nguyen from a state court action. Plaintiff had to suffer through having the Defendant continue efforts against her husband.

11. These violations and misrepresentations caused Defendant a great deal of stress. She suffered mental anguish as a result of Defendant's violations of Federal law.

## Fair Debt Collection Practices Act

12. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

13. Plaintiff violated the FDCPA. Plaintiff's violations include, but are not limited to, the following:

  a) Plaintiff violated 15 U.S.C. 1692e by engaging in false, deceptive, or misleading representations or means in connection with the debt collection.

  b) Plaintiff violated 15 U.S.C. 1692f(1) by attempting to collect an amount not authorized or permitted by law.

/// ///

  c)  Defendants violated 15 U.S.C. 1692d by employing conduct the natural consequence of which is to harass, oppress, or abuse.

14. As a result of the foregoing violations of the Fair Debt Collection Practices Act, Plaintiff suffered embarrassment, humiliation, worry, agitation, severe anxiety and emotional distress. Defendant is liable to Plaintiff for actual damages, statutory damages, costs and attorney fees.

  WHEREFORE, Plaintiff respectfully request that judgment be entered against Defendant for the following:

  A. Declaratory judgment that Defendant has violated the FDCPA;

  B. Actual damages pursuant to 15 U.S.C. § 1692k;

  C. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k;

  D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

  E. For such other and further relief as the court may deem just and proper.

Respectfully submitted this 8th day of December 2014,

              /s Shannon D. Sims
              Shannon D. Sims, OSB #072029
              Attorney At Law
              610 SW Alder, Suite 502
              Portland, OR 97205
              Telephone (503) 347-6317
              **Attorney for Plaintiff**

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

    /s Shannon D. Sims