IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NAR NGUYEN,

                    Plaintiff,

     v.

QUICK COLLECT, INC.,

                    Defendant.

No. 3:14-cv-01981-HZ

OPINION & ORDER

Shannon D. Sims
610 SW Alder, Suite 502
Portland, OR 97205

      Attorney for Plaintiff

Kenneth S. Mitchell-Phillips, Sr.
Law Offices of Ken Mitchell-Phillips
650 N.E. Holladay St., Suite 1600
Portland, OR 97232

      Attorney for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Nar Nguyen brought this Fair Debt Collection Practices Act (FDCPA) action against Defendant Quick Collect, Inc., a debt collector. Plaintiff alleged that Defendant violated the FDCPA by:

(1) violating 15 U.S.C. § 1692e by making misleading oral representations that it could garnish Plaintiff's wages even though no judgment existed at the time;

(2) violating 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized or permitted by law by seeking to collect interest and attorneys' fees on an alleged debt; and

(3) violating 15 U.S. C. § 1692d by employing conduct (instituting and continuing loan collection efforts against Plaintiff's husband even after being notified of his death), the natural consequence of which is to harass, oppress, or abuse.

On February 2, 2016, the case was tried to a jury. The jury found that Defendant attempted to collect interest and attorneys' fees on an alleged debt, in violation of the FDCPA. The jury awarded Plaintiff $1,000 in statutory damages.

Plaintiff now moves for $20,629 in attorneys' fees and $480 in costs. For the reasons that follow, Plaintiff's motion is granted, except that the Court deducts $122.50 from the requested fees.

**STANDARDS**

A prevailing plaintiff in a FDCPA action is entitled to an award of the costs of the action and reasonable attorneys' fees. 15 U.S.C. § 1692k(a)(3). "The FDCPA's statutory language makes an award of fees mandatory." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008).

**I.    Attorneys' Fees**

The lodestar method, which requires multiplying a reasonable hourly rate by the number of hours reasonably expended on the case, is the starting point for the calculation of attorneys'

fees. Shirrod v. Dir., Office of Workers' Comp. Programs, 809 F.3d 1082, 1086 (9th Cir. 2015). The goal of the lodestar method is to "produce an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." Id.

To calculate the lodestar, the court first multiplies the number of hours the prevailing party reasonably expended on the litigation times a reasonable hourly rate. Staton v. Boeing Co., 327 F.3d 938, 965 (9th Cir. 2003). If circumstances warrant, the court then adjusts the lodestar to account for the Kerr factors not subsumed within the initial lodestar calculation. Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000) (citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975)). Id.[1] A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and therefore, it should only be enhanced or reduced in "rare and exceptional cases." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986).While it is not necessary to detail every numerical calculation, and across-the-board percentage adjustments are permissible, the court must provide "enough of an explanation to allow for meaningful review of the fee award." Sorenson v. Mink, 239 F.3d 1140, 1146 (9th Cir. 2001).

**II.    Costs**

Under Federal Rule of Civil Procedure 54, costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54 creates a presumption in favor of awarding costs to the prevailing party. E.g., Ass'n of Mexican–Am. Educators v. California, 231 F.3d 572, 592 (9th Cir. 2000). "[I]f a district court wishes to depart from that presumption, it must explain why so that the appellate court will be able to determine whether or not the trial court abused its

---

[1] Factors subsumed within the lodestar include the novelty and complexity of the issues, special skill and experience of counsel, quality of the representation, results obtained, and the superior performance of counsel. D'Emanuele v. Montgomery Ward & Co., 904 F.2d 1379, 1383 (9th Cir. 1990).

discretion ... [and] explain why a case is not ordinary." <u>Id.</u> at 594. To rebut the presumption, the court may consider "the losing party's limited financial resources, misconduct on the part of the prevailing party . . . the importance and complexity of the issues, the merit of the plaintiff's case, . . . and the chilling effect on future . . . litigants of imposing high costs." <u>Save Our Valley v. Sound Transit</u>, 335 F.3d 932, 945 (9th Cir. 2003) (citations omitted). The district court, however, "needs no affirmatively expressed reason to tax costs. Rather, it need only conclude that the reasons advanced by the party bearing the burden—the losing party—are not sufficiently persuasive to overcome the presumption." <u>Id.</u> at 946.

Costs taxable under Rule 54(d) "are limited to those set forth in 28 U.S.C. §§ 1920 and 1821[.]" <u>Twentieth Century Fox Film Corp. v. Entm't Distrib.</u>, 429 F.3d 869, 885 (9th Cir. 2005). Section 1920 lists the specific items a prevailing party may recover as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6). The district court retains broad discretion to decide how much to award, if anything. <u>Padgett v. Loventhal</u>, 706 F.3d 1205, 1209 (9th Cir. 2013); see also <u>Arboireau v. Adidas Salomon AG</u>, No. 01–105–ST, 2002 WL 31466564, at *4 (D. Or. June 14, 2002) (trial judge has "wide discretion" in awarding costs under Rule 54(d)(1)).

///

## DISCUSSION

**I.      Amount of Attorneys' Fees**

    **a.  Hours Reasonably Expended**

It is the fee claimant's burden to demonstrate that the number of hours spent on the case was "reasonably necessary" to the litigation and that counsel made "a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); see also Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc., 886 F.2d 1545, 1557 (9th Cir. 1989) ("Plaintiffs bear the burden of showing the time spent and that it was reasonably necessary to the successful prosecution of their [ ] claims.").

Plaintiff seeks compensation for 81.9 hours of work performed on this case. Sims Decl. 2, ECF 49. Plaintiff's counsel declares that he removed all time entries of a purely clerical or administrative nature, and that he submits a true and accurate record of the time billed in this case.

Defendant objects to Plaintiff's request for fees, contending that it is unreasonable and excessive. The full extent of Defendant's objection is as follows:

> Here, Plaintiff alleges $20,629.00 in attorney fees despite only drafting a complaint, preparing for trial, and appearing at trial. Plaintiff's claimed hours in this case should be reduced due to the resulting redundancy of services. Specific examples include: complaint—8 hours; asserted research—4.2 hours; trial memo—5 hours; special jury instructions—4 hours; research trial memo—3.2 hours; trial preparation—26.3 hours.

Def.'s Opp. 2, ECF 51.

The Court carefully reviewed the itemized list of time entries submitted by Plaintiff's counsel and fails to find the "redundancy of services" referred to by Defendant. Nor does the Court find the hours of work claimed by Plaintiff's counsel to be unreasonable. The Court

deducts 0.5 hours for Plaintiff's counsel's work to "prep complaint for filing, complete civil cover sheet and summons, and filing of complaint," because such work is administrative in nature. See Yox v. Providence Health Plan, No. 3:12-CV-01348-HZ, 2014 WL 3478566, at *4 (D. Or. July 11, 2014) ("Clerical tasks are not properly billed as attorney fees but are overhead expenses absorbed by counsel."). As to the remaining hours claimed, Plaintiff adequately demonstrates that the time spent was reasonably necessary to the litigation.

### b. Reasonable Hourly Rate

In determining the reasonable hourly rate, the Court determines what a lawyer of comparable skill, experience, and reputation could command in the relevant community. Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984); see also Robins v. Scholastic Book Fairs, 928 F. Supp. 1027, 1333 (D. Or. 1996). The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation. Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th Cir. 1987).

Judges in the District of Oregon use the Oregon State Bar Economic Survey ("OSB Economic Survey") as a benchmark for assessing the reasonableness of hourly billing rates. Shirrod v. Dir., Office of Workers' Comp. Programs, 809 F.3d 1082, 1089 (9th Cir. 2015) (citing D. Or. Civ. R. 54–3(a)). See also Roberts v. Interstate Distrib. Co., 242 F.Supp.2d 850, 857 (D. Or. 2002) (in determining the reasonable hourly rate, District of Oregon uses OSB Economic Survey as initial benchmark and attorneys should "provide ample justification" for deviating from the Survey rates). The most recent OSB Economic Survey was published in 2012.[2]

---

[2] The OSB Economic Survey is available at
https://www.osbar.org/_docs/resources/Econsurveys/12EconomicSurvey.pdf.

6 – OPINION & ORDER

Plaintiff seeks fees based on an hourly rate of $245 per hour. Plaintiff's counsel Shannon Sims has practiced law for approximately twelve years, including nine years in Oregon. Sims Decl. 1. Since 2009, he "been engaged primarily in representing consumers" and he has represented "numerous" consumers in FDCPA cases in this Court. Id. at 2. Defendant does not object to the requested hourly rate.

According to the OSB Economic Survey, the average hourly rate for Portland attorneys with twelve years of experience is $280 and the rate for attorneys with nine years of experience is $258. Given that Mr. Sims requests a rate below those rates, the Court finds $245 per hour to be reasonable.

### c. Lodestar

In sum, the Court awards an hourly rate of $245 for Mr. Sims' 81.4 hours of work, which yields a final amount of $19,943.

## II. Costs

Plaintiff seeks $480 in costs for interpretation services provided to Plaintiff on the day of trial. Defendant does not object. Compensation for interpreters is expressly provided for in 28 U.S.C. § 1920(1)-(6). Accordingly, the Court grants Plaintiff's request for $480 in costs.

///

///

///

## CONCLUSION

Plaintiff's Motion for Attorney's Fees and Costs [48] is granted in part. Plaintiff is awarded $19,943 in fees and $480 in costs.

IT IS SO ORDERED.

Dated this ___16___ day of ___April___, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge